```
UNITED STATES BANKRUPTCY COURT            NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:                              :
                                    :
   GENERAL VISION SERVICES, INC.,   :   Chapter 7
                                    :   Case No. 99-B-10105 (SMB)
               Debtor.              :
------------------------------------X
NED STEINFELD, as Representative    :
of the Estate of General            :
Vision Services, Inc.,              :
                                    :
               Plaintiff,           :
                                    :
         -against-                  :
                                    :   Adv. Pro.: 05-01759 (SMB)
RICHARD A. EISNER & CO.,LLC.,       :
RALPH BALSAMO and SHELBY GOLDGRAB,  :
                                    :
               Defendants.          :
------------------------------------X
```

**OPINION GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**A P P E A R A N C E S:**

GOLDBERG, RIMBERG & FRIEDLANDER, PLLC
Attorneys for Plaintiff
115 Broadway
3rd Floor
New York, NY, NY 10006

    Robert L. Rimberg, Esq.
        Of Counsel


BRAUNER BARON ROSENZWEIG & KLEIN, LLP
Attorneys for Defendants Richard A. Eisner & Co., LLC
   and Ralph Balsamo
61 Broadway, 18th Floor
New York, NY 10006

    Howard L. Simon, Esq.
    Alison Gilbert, Esq.
        Of Counsel

```
MELITO & ADOLFSON PC
Attorneys for Defendant Shelby Goldgrab
233 Broadway
New York, NY 10279

     John H. Somoza, Esq.
        Of Counsel
```

**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

The plaintiff, Ned Steinfeld, as representative of the estate of General Vision Services, Inc., ("GVS"), commenced this adversary proceeding against Ralph Balsamo, Shelby Goldgrab, and Richard A. Eisner & Company LLP ("Eisner") for damages arising from their alleged breach of fiduciary duty and negligence in connection with their service on GVS's Management Committee. The defendants moved for summary judgment, arguing that the claims were barred by New York's three-year statute of limitations. I agree, and accordingly, the defendants' motion for summary judgment is granted.

2

**BACKGROUND**

The facts material to this motion are not disputed.[1] Prior to its liquidation, GVS ran a chain of optical stores that provided optometry services and sold eye wear. On April 16, 1999, several bondholders filed an involuntary bankruptcy petition for relief under chapter 11 against GVS and an affiliate, Action Industries, and subsequently moved for the appointment of an interim trustee.

The petitioners' motion and the involuntary petitions were resolved through a stipulation and order, dated September 10, 1999 (the "Management Order").[2] The Management Order contained three important components. First, the debtors consented to orders for relief under chapter 11. Second, the parties agreed to a management structure. Jim Jedrlinic would continue as debtors' chief executive officer and manage GVS' day-to-day operations, but a Management Committee consisting of Jedrlinic, Ralph Balsamo[3] and

---

[1]    The parties have stipulated to many of the facts. A copy of their Stipulation is annexed as Exhibit A to the Memorandum of Law in Support of the Motion of Defendants Richard A. Eisner & Co., LLC., Ralph Balsamo and Shelby Goldgrab for Summary Judgment, dated Dec. 23, 2005 (the "Stipulation") (ECF Doc. # 7.)

[2]    A copy of the Management Order is attached as Exhibit A to the Declaration of Joel S. Schneck, dated Feb. 17, 2006 ("Schneck Declaration") (ECF Doc. # 10).

[3]    Balsamo was a partner in or member of the defendant Richard A. Eisner & Company, LLC ("Eisner"), an accounting firm. Although the Management Order does not mention Eisner, there is evidence that the parties intended Eisner to be the member of the management committee, and Balsamo to act as Eisner's representative on it. (See Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, dated Oct. 24,

3

Shaul Kopelowitz would manage and review the debtors' operations until plans were confirmed and became effective, or until further order of the Court. Jedrlinic was required to consult with the other two members on a regular basis, but no less than twice each week. A majority vote of the members of the Management Committee was required before any business decisions or transactions outside of the ordinary course of business could be effectuated. Kopelowitz immediately resigned, and was replaced by Goldgrab.

Third, the Management Order established several safeguards over financial matters. Balsamo was authorized to review all receipts and disbursements until further order of the Court, and to review the current operations of GVS, including its business plans, systems, budgets and cash flow. All checks, wire transfers and cash payments in excess of $500 had to be submitted to Balsamo and the Reliance Savings Bank ("Reliance"). No payments could be made unless first approved by Balsamo and Reliance. If Balsamo disapproved a payment, the Management Order established a procedure for overriding his veto.

On March 13, 2001, the Court entered an order converting the GVS chapter 11 case to a case under chapter 7. (Stipulation, at ¶

---

2005, at 10) (Adversary Proceeding No. 05-1032, ECF Doc. # 26.)

4

3.) The United States Trustee's Office appointed Albert Togut as interim trustee of the GVS estate, (id.), and he later became permanent trustee by operation of law. See 11 U.S.C. § 702(d). Pursuant to an order dated March 30, 2005, the Court authorized Steinfeld to bring this adversary proceeding as a representative of the estate.[4]

**This Litigation**

Steinfeld commenced this adversary proceeding on May 20, 2005. The Complaint (ECF Doc. # 1) alleges that pursuant to the Management Order

> Defendants were charged with the responsibility of managing and reviewing the operations of the Debtor, including reviewing all receipts and disbursements of the Debtor as well as reviewing the Debtor's business plans, systems, budgets and cash flow, and approval of all checks, wire transfers and cash payments in excess of $500.00; selecting a new chief financial officer for GVS.

(Complaint, at ¶ 16.) The First Claim charges that the defendants failed to carry out the fiduciary duties imposed by the Management Order by negligently failing to monitor and oversee the actions of the board of directors. (Id., at ¶¶ 22-25.) The Second Claim asserts that the defendants breached their fiduciary duties. (Id., at ¶ 30.) As a result of these failures, the estate was rendered

---

[4]   See Order: (i) Approving Agreement and Supplemental Agreement with Ned Steinfeld Regarding Pursuit of Potential Claims Against Petitioning Creditors, Management Committee, and Cadwalader, Wickersham & Taft, and (ii) Granting Related Relief, dated Mar. 30, 2005 (Bankr. Case No. 99-10105) (ECF Doc. # 266).

5

administratively insolvent, and was damaged in the sum of $5,000,000. (Id., at ¶¶ 17, 28, 31.)

The parties have stipulated that Steinfeld's claims arose no later than March 13, 2001, (Stipulation, ¶ 5), or more than four years before the commencement of this adversary proceeding. The defendants moved for summary judgment, contending that Steinfeld's claims were barred by the general three-year statute of limitations applicable to claims for damages based on injuries to property. See N.Y. C.P.L.R. 214(4)(McKinney 2003). Steinfeld countered that the causes of action are governed by the six-year statute of limitations applicable to damage claims against present or former shareholders, officers an directors.[5]  See N.Y. C.P.L.R. 213(7)(McKinney 2003 & Supp. 2005).

---

[5] In supplemental briefing invited by the Court, Steinfeld argued, for the first time, that the six-year breach of contract statute of limitations governs his claims. (Schneck Declaration, ¶¶ 2, 10, 26-29.) The Court will not consider this argument. Steinfeld did not raise it in his original opposition to the defendants' motion. In addition, the Court had requested supplemental briefing on the interpretation of N.Y.C.P.L.R. 213(7), and Steinfeld's new argument exceeded the scope of that request. Lastly, because the argument was raised so late, the defendants never had the opportunity to respond to it.

6

**DISCUSSION**

**A.    Introduction**

Under New York law, a claim for damages stemming from an injury to property, including one based on breach of fiduciary duty, is subject to a three-year statute of limitations.  N.Y. C.P.L.R. 214(4).  See Whitney Holdings, Ltd. v. Givotovsky, 988 F. Supp. 732, 741 (S.D.N.Y. 1997); Loengard v. Santa Fe Indus., Inc., 514 N.E.2d 113, 115 (N.Y. 1987); Bouley v. Bouley, 797 N.Y.S.2d 221, 223 (N.Y. App. Div. 2005).  Under § 213(7) of the C.P.L.R., however, a six-year statute of limitations governs

> an action by or on behalf of a corporation against a present or former director, officer or stockholder for an accounting, or to procure a judgment on the ground of fraud, or to enforce a liability, penalty or forfeiture, or to recover damages for waste or for an injury to property or for an accounting in conjunction therewith.

Section 213(7) carves out a special statutory period for a specific class of plaintiffs and defendants, and supplants any other governing limitations period.  F.D.I.C. v. Bober, 2000 WL 235271, at *3 (S.D.N.Y. Mar. 1, 2000); Lippe v. Bairnco Corp., 230 B.R. 906, 913 (S.D.N.Y. 1999); Whitney Holdings, 988 F. Supp. at 742.

It is undisputed that the defendants were never shareholders of GVS, and were never appointed or elected to serve as officers or directors.  Instead, Steinfeld contends that the defendants were de

7

facto officers or directors, and should be treated as actual former officers or directors for the purpose of applying the six-year statute of limitations. This calls for an inquiry into the meaning of § 213(7).

**B.    The Plain Meaning of N.Y.C.P.L.R. § 213(7)**

A court's goal in interpreting a statute is to give effect to the legislature's intent. Majewski v. Broadalbin-Perth Cent. Sch. Dist.,696 N.E.2d 978, 980 (N.Y. 1998); Matter of Raritan Dev. Corp. v. Silva, 689 N.E.2d 1373, 1377 (N.Y. 1997); Patrolmen's Benevolent Ass'n v. City of New York, 359 N.E.2d 1338, 1340 (N.Y. 1976). "Where the language of a statute is clear and unambiguous, court's must give effect to its plain meaning." Matter of Tall Trees Constr. Corp. v. Zoning Bd. of Appeals of Huntington, 761 N.E.2d 565, 568 (N.Y. 2001); accord Ins. Co. of N. Am. v. ABB Power Generation, Inc., 690 N.E.2d 1249, 1252 (N.Y. 1997); Raritan Dev. Corp., 689 N.E.2d at 1377; Patrolmen's Benevolent Ass'n, 359 N.E.2d at 1340. As noted, the defendants were never shareholders, officers or directors of GVS. Thus, the express terms of § 213(7) render it inapplicable.

Steinfeld nevertheless argues that the defendants were de facto officers or directors, and come within § 213(7). The short

answer is that the argument ignores the plain meaning of § 213(7), and a similar position was rejected in Trinity Coop. Apts., Inc. v. J.S. Bldg. Corp., 270 N.Y.S.2d 644 (N.Y. App. Div. 1966).  There, the plaintiff sued several corporate and individual defendants seeking an accounting and other equitable relief.  The individual defendants were not officers, directors or shareholders of the plaintiff, but allegedly controlled the plaintiff's officers and directors.  Id., at 645.  Under the former general ten-year statute of limitations applicable to suits in equity, see Civ. Prac. Act § 53, the action was timely.  The lower court nevertheless dismissed the action on the ground that it was barred by the six-year statute of limitations contained in former Civ. Prac. Act § 48(8), the predecessor to N.Y.C.P.L.R. § 213(7), which applied to an action, legal or equitable, by or on behalf of a corporation against a "director, officer or stockholder."  See Trinity Coop., 270 N.Y.S.2d at 645.

The Appellate Division reversed.  It ruled that the fact that the individual defendants "may have controlled the persons who were nominally the officers and directors of plaintiff did not render the 6-year Statute of Limitations, provided for in subdivision 8 of section 48 of the former Civil Practice Act, applicable to them."  Id.  The majority reached this conclusion over a vigorous dissent

9

that maintained that the plaintiff's officers, directors and stockholders were "dummies," and the individual defendants "were in fact the directors, officers and stockholders of plaintiff within the meaning of subdivision 8 of section 48 of the former Civil Practice Act."  Id., at 646 (Ughetta, Acting P.J., dissenting)(emphasis added).

In this case, Steinfeld makes the same argument endorsed by the Trinity Coop. dissent but rejected by the majority.  Section 213(7) is the successor to Civ. Prac. Act. § 48(8).  Like its predecessor, § 213(7) governs claims against nominal officers, directors and shareholders, but does not apply to de facto officers, directors and shareholders. Rather, as in Trinity Coop., the general statute of limitations controls.  Thus, even if the defendants were de facto officers or directors of GVS, the general three-year statute of limitations for claims based on injuries to property, N.Y.C.P.L.R. 214(4), governs Steinfeld's claims, and bars the instant action.

Furthermore, the authorities cited by Steinfeld do not compel a different result.  In the cases that he cites, the defendant was an actual officer, director or stockholder. See Whitney Holdings, 988 F.Supp. 732 (applying N.Y.C.P.L.R. § 213(7) to claims against

10

a director); Pereira v. Centel Corp., (In re Argo Commc'ns Corp.), 134 B.R. 776 (Bankr. S.D.N.Y. 1991)(shareholder); Lippe, 230 B.R. 906 (officers, directors and/or shareholders); Tobias v. Tobias, 596 N.Y.S.2d 797 (N.Y. App. Div. 1993) (stockholder, officer and director).

The principal exception is Golden Pac. Bancorp v. F.D.I.C., 273 F.3d 509 (2d Cir. 2001), cert. denied, 126 S. Ct. 621 (2005). There, a Bank sued the FDIC, inter alia, in its capacity as receiver of the Bank. Addressing a statute of limitations defense, the Court read § 213 (1) and (7) broadly to cover claims of unjust enrichment, breach of fiduciary duty, corporate waste and for an accounting asserted against the FDIC, as receiver.

It does not appear from either the District or Circuit Court opinions that the FDIC argued that § 213(7) was limited to actual officers, directors and shareholders. Hence, the precise issue presented in this case was never litigated, and Golden Pac. Bancorp does not support the plaintiff's proposition that the express terms of § 213(7) should be ignored, and the subdivision should be applied to de facto officers, directors and shareholders.

Accordingly, the motion for summary judgment is granted.  Settle order on notice.

Dated:   New York, New York
         March 13, 2006

                                        /s/ *Stuart M. Bernstein*
                                          STUART M. BERNSTEIN
                                    Chief United States Bankruptcy Court