UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                            :
                                                  :
   GENERAL VISION SERVICES, INC.,   :   Chapter 7
                                                  :   Case No. 99-10105 (SMB)
                Debtor.   :
------------------------------------------------------X
NED STEINFELD, as Representative of   :
the Estate of General Vision Services, Inc.,   :
                                                  :
              Plaintiff,   :
                                                  :
         -against-   :
                                                  :   Adv. Pro.: 05-01759 (SMB)
RICHARD A. EISNER & CO., LLC.,   :
RALPH BALSAMO and SHELBY   :
GOLDGRAB,   :
                                                  :
            Defendants.   :
------------------------------------------------------X

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REARGUE

**A P P E A R A N C E S:**

GOLDBERG, RIMBERG & FRIEDLANDER, PLLC
Attorneys for Plaintiff
115 Broadway, 3rd Floor
New York, NY, NY 10006

      Robert L. Rimberg, Esq.
      Joel S. Schneck, Esq.
          Of Counsel


MELITO & ADOLFSON PC
Attorneys for Defendant Shelby Goldgrab
233 Broadway
New York, NY 10279

      John H. Somoza, Esq.
          Of Counsel

BRAUNER BARON ROSENZWEIG & KLEIN, LLP
Attorneys for Defendants Richard A. Eisner & Co., LLC
  and Ralph Balsamo
61 Broadway, 18th Floor
New York, NY 10006

    Howard L. Simon, Esq.
        Of Counsel

**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

      In an opinion dated March 13, 2006 (the "Opinion")(ECF Doc. # 12), the Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff now moves for reargument. For the reasons that follow, the motion is denied.

## BACKGROUND

      The Court refers the reader to the Opinion for a fuller discussion of the background, and limits this discussion to what is germane to the instant dispute. In brief, the defendants were appointed by the Court to serve on a Management Committee that oversaw certain aspects of the debtor's operations. The complaint charged that the defendants negligently performed their duties, breached their fiduciary duties, and demanded money damages for injuries caused to the estate.

      The defendants moved for summary judgment, arguing that the plaintiff's claims were barred by the three-year statute of limitations in N.Y.C.P.L.R. 214(4) (McKinney 2003) ("CPLR"),[1] which applies to damage claims arising from injuries to property. The plaintiff did

---

[1]     CPLR 214(4) provides that "an action to recover damages for an injury to property except as provided in section 214-c" must be commenced within three years. Section 214-c refers to latent injuries arising from the exposure to harmful products.

2

not dispute that a three-year statute of limitations, if applicable, would bar his claims. Instead, he asserted that the claims were subject to the six-year statute of limitations in CPLR 213(7), which applies to certain equitable and legal claims by or on behalf of a corporation against a present or former officer, director, or shareholder.[2]

The Opinion concluded that the three-year statute of limitations controlled, and dismissed the complaint. Central to the Court's holding was the determination that § 213(7) applied only to actual officers, directors, or shareholders. The Court expressly rejected the plaintiff's argument that § 213(7) also applied to de facto officers and directors. (Opinion, at 10)("[E]ven if the defendants were de facto officers or directors of GVS, the general three-year statute of limitations for claims based on injuries to property, N.Y.C.P.L.R. 214(4), governs Steinfeld's claims and bars the instant action.") The plaintiff now seeks to reargue that determination.

## DISCUSSION

**A.     Standard for Reargument**

Local Bankruptcy Rule 9023-1(a) governs motions for reargument or reconsideration. It states:

---

[2]     Section 213(7) imposes a six-year statute of limitations on

an action by or on behalf of a corporation against a present or former director, officer or stockholder for an accounting, or to procure a judgment on the ground of fraud, or to enforce a liability, penalty or forfeiture, or to recover damages for waste or for an injury to property for an accounting in conjunction therewith.

3

> A motion for reargument of a court order determining a motion shall be served within 10 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 10 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

The movant must show that the court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." Anglo American Ins. Group, P.L.C. v. CalFed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996)(quoting Morser v. AT & T Information Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989)); accord Banco de Seguros del Estado v. Mut. Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002), aff'd, 344 F.3d 255 (2d Cir. 2003); Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); Farkas v. Ellis, 783 F. Supp. 830, 832-33 (S.D.N.Y.), aff'd, 979 F.2d 845 (2d Cir. 1992). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." Griffin Indus., 72 F. Supp. 2d at 368 (internal quotation marks and citations omitted); accord Banco de Seguros del Estado, 230 F. Supp. 2d at 428.

The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered. Griffin Indus., 72 F. Supp. 2d at 368; Monaghan v. SZS 33 Assocs., L.P., 153 F.R.D. 60, 65 (S.D.N.Y. 1994); Farkas, 783 F. Supp. at 832. In addition, the parties cannot advance new facts or arguments; a motion for reargument is not a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v.

4

GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)(discussing Rule 59); accord Griffin Indus., 72 F. Supp. 2d at 368 (discussing motions for reargument).

**B.     The Applicability of § 213(7)**

The plaintiff advances several reasons why § 213(7) should govern the claims in this case, but the arguments are either inappropriate on this motion, or lack merit, or both. First, the plaintiff contends that the defendants were <u>actual</u> directors of the debtor within the meaning of the New York Business Corporation Law ("BCL"). BCL § 102(a)(5) defines a director to include "any member of the governing board of a corporation, whether designated as director, trustee, manager, governor, or by any other title." The plaintiff never made this argument before,[3] and hence, the Court did not overlook it. To the contrary, he consistently maintained that they were <u>de facto</u> officers and directors, and like <u>de jure</u> officers and directors, should be subject to the six-year statute of limitations. (<u>Declaration of Joel S. Schneck</u>, dated Feb. 17, 2006, at ¶¶ 6-8.)[4]

Second, the plaintiff emphasizes, again for the first time, that <u>de facto</u> directors can bind the corporation in transactions with third parties, implying that this principle of agency law triggers the applicability of § 213(7). The <u>de facto</u> director's authority, however, is entirely separate from the question of whether he is a director within the meaning of § 213(7) when the corporation sues him and third parties are not involved.

Furthermore, the plaintiff's reliance on <u>Estate of Sakow</u>, 610 N.Y.S.2d 991 (N.Y. Surr. Ct. 1994), <u>aff'd</u>, 631 N.Y.S.2d 637 (N.Y. App. Div. 1995), which he cites, also for

---

[3]     In fact, the debtor was incorporated in Delaware.

[4]     A copy of the <u>Schneck Declaration</u> is attached as Exhibit E to the current Declaration of Joel S. Schneck, dated Apr. 7, 2006 (ECF Doc. # 16), which was submitted in connection with the reargument motion.

5

the first time, is misplaced. There, the beneficiaries of their father's estate brought a suit for an accounting, the imposition of a constructive trust and punitive damages against their brother. They alleged that the brother had acted as the <u>de facto</u> executor although their mother was the actual executor of the estate, and that through acts of self-dealing, he had converted real estate held in their father's name, or in the name of a corporation that their father had owned. The beneficiaries moved for summary judgment, and the brother defended on statute of limitations grounds -- all of the alleged wrongful acts had occurred more than six years earlier. The beneficiaries responded that because he assumed the role of a <u>de facto</u> fiduciary, the statute of limitations was tolled until he openly and notoriously repudiated his fiduciary responsibilities. <u>Estate of Sakow</u>, 552 N.Y.S.2d 537, 539 (N.Y. Surr. Ct. 1990).

The Surrogate's Court denied summary judgment, and the brother raised the same defenses at the ensuing bench trial. <u>Sakow</u>, 610 N.Y.S.2d at 993. The court concluded that the brother had not acted as a <u>de facto</u> fiduciary with respect to the real property that the decedent had owned individually, but had with respect to the real property owned by the corporation. <u>Id.</u> at 995. Ruling that the tolling principle normally applicable to a <u>de jure</u> fiduciary also applied to a <u>de facto</u> fiduciary,[5] the court stated:

> If the conduct of these fiduciaries, whether <u>de jure</u> or <u>de facto</u>, is to be judged by the standards of a trustee, then the statute of limitations applicable to a trustee should also be applied to their acts in operating the corporation.

---

[5] The defendants essentially repudiated their fiduciary duties when the case was converted and the chapter 7 trustee became the representative of the estate, <u>see</u> 11 U.S.C. § 323, more than three years before this action was commenced. Thus, if the three-year statute of limitations applies, the fiduciary tolling rule does not help the plaintiff.

6

Id.[6]  On appeal, the appellate division concluded that the brother had also acted as a fiduciary for the individually owned properties, and should be required to account for all such properties "since he never openly repudiated his fiduciary status." Matter of Sakow, 631 N.Y.S. 2d 637, 640 (N.Y. App. Div. 1995).

Sakow did not deal with the application of § 213(7) as the plaintiff now implies.  More disturbing, the plaintiff manufactured a fictitious quote to suggest that it did.  His counsel added the following language to at the end of the portion of the Surrogate's Court's opinion quoted immediately above:

> As a matter of public policy, this had to be the result.  Once you create a concept of a de facto officer for the purposes of imposing a fiduciary duty obligation on such party with the equivalency of a de jeure officer or director, the aggrieved party (the corporation) should have the same amount of time to sue such fiduciaries (whether de facto or de juere) for their improper acts.

(Plaintiff's Motion to Reargue, dated Apr. 7, 2006, at 3-4 ("Reargument Motion") (ECF #15.)  This language did not appear in any court opinion.

Third, the plaintiff again argues that Golden Pac. Bancorp v. F.D.I.C., 273 F.3d 509 (2d Cir. 2001) supports the application of § 213(7) to de facto corporate officers and directors.  There, the District Court and Court of Appeals applied § 213(7), without discussion, to a claim brought against the FDIC in its capacity as the receiver of a bank.  The courts' opinions do not reflect that the FDIC challenged the applicability of § 213(7). (See Opinion, at 11.)  According to the plaintiff, I should have inferred from the lack of discussion that the issue was so uncontroversial that it did not merit discussion by the District or Circuit Court.  (See Reargument Motion, at 4.)

---

[6]    The plaintiff manufactured a fictitious coda to this quotation that is discussed below.

7

I reject the inference. The proposition can hardly be uncontroversial if the plaintiff cannot muster any direct support for it. Moreover, the applicability of § 213(7) to <u>de facto</u> officers or directors was neither raised nor decided by the <u>Golden Pacific</u> courts, and the decision does not imply support for the proposition. See <u>Gardella v. Chandler</u>, 172 F.2d 402, 411 (2d Cir. 1949) ("[I]t has often been held that a decision is not to be regarded as a precedent concerning a question clearly not considered by the Court, because 'to make it so, there must have been an application of the judicial mind to the precise question. . . .' ") (quoting <u>St. Louis, Vandalia & T.H.R.R. Co. v. Terre Haute R.R. Co.</u>, 145 U.S. 393, 404 (1892)).

Furthermore, <u>Pereira v. Centel Corp., ( In re Argo Commc'ns Corp.)</u>, 134 B.R. 776 (Bankr. S.D.N.Y. 1991) is not "directly on point." There, the chapter 7 trustee of the debtor corporation sued Centel, one of its major shareholders, for damages to the debtor. See <u>id.</u> at 782. The bankruptcy court held that § 213(7) applied to the trustee's breach of fiduciary duty claims against Centel because the trustee was suing "on behalf of" the corporate debtor within the meaning of that provision. See <u>id.</u> at 787. <u>Argo</u> did not hold, as the plaintiff maintains, that "Section 213(7) of the CPLR was controlling even though the entity sued was not the direct shareholder of the trustee-plaintiff." (See <u>Reargument Motion</u>, at 4.)

**B.     Other Statutes of Limitations**

The plaintiff now suggests that other statutes of limitations, as long or longer than § 213(7), govern his claims. For example, the plaintiff contends that his breach of fiduciary duty claims are governed by CPLR 213(1), which imposes a six-year statute of limitations on "an action for which no limitation is specifically prescribed by law." For

8

support, he cites Sowerwine v. Air Canada (In re Rea Holding Corp.), 8 B.R. 75 (Bankr. S.D.N.Y. 1980). There, the plaintiff-trustee sued under a breach of fiduciary duty theory to recover money damages. The defendants asserted that the claims were barred by the three-year statute of limitations imposed under CPLR 214(4). The court ruled, however, that the six-year limitations period applied because claims for breach of fiduciary duty gave rise to an equitable remedy. Id. at 82 (citing Renz v. Beeman, 589 F.2d 735, 749 (2d Cir. 1978), cert. denied, 444 U.S. 834 (1979)).

The plaintiff never argued until this motion for reconsideration that § 213(1) applied or that he was seeking equitable, as opposed to legal, relief. In any case, he is seeking compensatory damages on behalf of the estate, and his claim is legal, not equitable. Cf. Pereira v. Farace, 413 F.3d 330, 340-41 (2d Cir. 2005) (claim for compensatory damages against corporate officer for breach of fiduciary duty was legal rather than equitable in nature for purpose of determining right to jury trial), cert. denied, 2006 WL 1374512 (U.S. May 22, 2006). Thus, even if § 213(1) covered equitable claims, CPLR 214(4) governs the plaintiff's legal claims for injury to the debtor's property. See Whitney Holdings, Ltd. v. Givotsky, 988 F. Supp. 732, 741 n. 57 (S.D.N.Y. 1997)(collecting cases).

In addition, the plaintiff renews his argument that the six-year contract statute of limitations should apply. The plaintiff raised this point for the first time in supplemental briefing requested by the Court after the summary judgment motion was argued. The Court expressly declined to consider the belated argument when it granted summary judgment dismissing the complaint. (See Opinion, at 6 n. 5.)

The plaintiff contends that this was error, and the Court should consider the argument in the interest of judicial economy. According to the plaintiff, he can still refile the contract claim. Furthermore, he implies that if I do not reach the merits of his claims, he may have to sue the trustee for failing to assert them before the statute of limitations ran. (Reargument Motion, at 6.)

I nevertheless decline the invitation for the reasons stated in the Opinion. In so doing, I do not pass on the merits of his contract claim except to note that the plaintiff has not identified any contract that the defendants breached.[7]

**D.    Trinity is Distinguishable**

The plaintiff's final argument challenges the Court's reliance on Trinity Coop. Apts., Inc. v. J. S. Bldg. Corp., 270 N.Y.S.2d 644 (N.Y. App. Div. 1966). In Trinity, the appellate division interpreted Civ. Prac. Act § 48(8), the predecessor to CPLR 213(7), to exclude claims against de facto corporate insiders. (Opinion, at 9.) The appellate court reached its decision, over a vigorous dissent, which advanced the same argument made by the plaintiff in this case. (Id. at 9-10.)

The plaintiff first maintains that Civ. Prac. Act § 48(8) was superseded by CPLR § 213(7), and implies that it therefore lacks persuasive authority. The argument lacks merit. The material language in sections 48(8) and § 213(7) is the same, and hence, Trinity's interpretation is still authoritative.

---

[7]    The defendants were not parties to the stipulation that, upon "so ordering," became the Management Order.

The plaintiff also finds comfort in the fact that <u>Trinity</u> applied the longer of two possible statutes of limitations, and adds that the adoption of § 213(7) reflects a legislative policy to apply longer statutes of limitations to claims against fiduciaries for breach of fiduciary duty.

<u>Trinity</u> does not, as the plaintiff suggests, stand for the proposition that where two periods of limitation arguably apply, the court should apply the longer period. The language of § 48(8), rather than the relative lengths of the two statutes of limitations at issue, supplied the reason for the court's decision. Moreover, the plaintiff's view of the policy behind § 213(7) is little more than speculative.[8] The only policy underlying § 213(7) was to create a single statute of limitations, to the exclusion of all others, that covered claims by or on behalf of a corporation against its present or former officers, directors and shareholders. <u>Whitney Holdings</u>, 988 F. Supp. at 742.

## CONCLUSION

For all of the foregoing reasons, the plaintiff's reargument motion is denied.

Dated: New York, New York
       June 12, 2006

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
Chief United States Bankruptcy Judge

---

[8] The plaintiff's argument regarding legislative intent ignores the fact that a shareholder covered by § 213(7) is not necessarily a fiduciary of the corporation. Under the law of Delaware, where the debtor was incorporated, a shareholder is a fiduciary only if it owns a majority interest in the corporation or exercises control over the corporation's business affairs. <u>Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Investcorp S.A</u>, 137 F. Supp. 2d 502, 508 (S.D.N.Y. 2001), <u>aff'd</u>, 322 F.3d 147 (2d Cir. 2003).